FILED
2026 Jan-09 AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Cecil Lee Lockwood Jr.,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:25-cv-608-EGL** |
| | ] | |
| **United States of America,** | ] | |
| | ] | |
| **Defendant.** | ] | |

# ORDER

On April 22, 2025, *pro se* plaintiff Cecil Lockwood Jr. sued the United States of America. Doc. 1. On August 12, 2025, the Court accepted Lockwood's proposed Amended Complaint (Doc. 20-1) as his controlling pleading. *See* Doc. 24. The United States asks the Court to dismiss that amended complaint for lack of subject-matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 39. For the reasons explained below, the motion is **GRANTED**. Lockwood's claims under "Count I" are **DISMISSED WITH PREJUDICE**, and his claims under "Count II" are **DISMISSED WITHOUT PREJUDICE**. Accordingly, Lockwood's pending motions (Docs. 52, 54, 55) are **DENIED AS MOOT**. If Lockwood wishes to replead his "Count II" claims in conformity with the Federal Rules of Civil Procedure, he must do so **on or before February 6, 2026.**

## BACKGROUND

Because Lockwood is defending against a motion to dismiss, the Court accepts his well-pleaded factual allegations as true and construes them in the light most favorable to him. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

### A. Facts

Lockwood served in the United States Air Force between 1985 and 1989 and during that time was stationed in Germany and in New York. Doc. 20-1 at 3. Because of a "rare autoimmune disorder," and other conditions acquired from service-connected toxic exposure, he has required specialized medical care. *Id.* Following completion of his service, Lockwood received a 90% disability rating from the VA. *Id.*

On October 22, 2024, Lockwood attended an appointment at the Birmingham VA Medical Center. *Id.* at 4. At this appointment, Lockwood received several spinal injections, two of which he alleges were performed without his consent or prior knowledge. *Id.* He did not meet with the physician before the procedure and was instead rushed into a face-down position within 20 seconds of his arrival. *Id.* And during the procedure, VA staff "pushed in" a "disc bulge," causing him pain and temporary sexual dysfunction, while also worsening his medical condition. *Id.* at 4-5. Lockwood further alleges hostile behavior on the part of the supervising physician

toward an assistant, that he received contradictory post-procedure medical advice, and that the medical center failed to follow up within him within the promised timeframe. *Id.* at 5. Lockwood also claims that the VA engaged in a coordinated effort to avoid acquiring his informed consent regarding these procedures. *Id.* at 6.

**B. Lawsuit**

In "Count I" of his Amended Complaint, Lockwood alleges that "[a]s an African American, [he] was harmed by the VA's negligence and failure to redress longstanding, pervasive race discrimination of which [the VA] knew or should have known," resulting in "trauma, dignitary harm, emotional distress, moral injury, stigma and humiliation." Doc. 20-1 at 3-4. In "Count II," he asserts claims for medical malpractice, battery, intentional infliction of emotional distress, conspiracy, and negligent supervision. *Id.* at 4-6.

The United States moves to dismiss the amended complaint in its entirety, arguing that Lockwood has failed to state a plausible claim for relief and that the Court lacks subject-matter jurisdiction. *See* Doc. 39.

## STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court must accept as true all factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations. *Id.* And because Lockwood is proceeding *pro se*, the Court must construe his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed pro se is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'").

## ANALYSIS

### I. Count I: Negligence & Racial Discrimination

Under "Count I," Lockwood alleges that "[a]s an African American, [he] was harmed by the VA's negligence and failure to redress longstanding, pervasive race discrimination of which [the VA] knew or should have known." Doc. 20-1 at 4. He contends that he was improperly denied benefits for certain service-connected conditions and that, although he was granted both a disability rating of 90% and individual unemployability, he should have received a 100% rating. *Id.* at 3. From that alleged discrimination, Lockwood claims various injuries, including trauma, dignitary harm, emotional distress, moral injury, stigma, and humiliation. *Id.* at 4.

Lockwood's "Count I" claims are precluded by the Veterans' Judicial Review Act (VJRA) and by sovereign immunity. The Court thus lacks subject-matter jurisdiction over them, and they must be dismissed.

**A. VJRA Preclusion**

Congress has established a comprehensive and exclusive scheme for adjudicating veterans' benefits claims. Title 38 of the United States Code vests the Secretary of Veterans Affairs with authority to decide benefits claims and limits judicial review:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. ... [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Judicial review exists only through the specialized appellate process Congress created: appeal to the Board of Veterans' Appeals, then to the Court of Appeals for Veterans Claims, followed by the Federal Circuit, and ultimately the Supreme Court. *See* 38 U.S.C. §§ 511(b)(4), 7104, 7252, 7292; *Hall v. U.S. Dep't of Veterans' Affs.*, 85 F.3d 532, 534 (11th Cir. 1996).

Federal district courts are excluded from that scheme. 38 U.S.C. § 511; *Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021) (confirming that the VJRA bars district-court review not only of "any type of substantive benefits decision," but also

of "any decision made by the Secretary in the course of making a benefits determination").

The preclusive effect of the VJRA depends on the gravamen of a plaintiff's claim rather than its label. *Andrews v. Sec'y, Dep't of Veterans Affs.*, 845 F. App'x 880, 883-84 (11th Cir. 2021). Even where a plaintiff does not frame his claim as a benefits challenge, it is "the substance of the claim and not the language used in stating it which controls." *Zelaya v. United States*, 781 F.3d 1315, 1334 (11th Cir. 2015); *see also Williamson v. Sec'y of Veteran Affs.*, 139 F.Supp.3d 1282, 1285-86 (N.D. Ala. 2015). If determining whether the VA acted in bad faith or with negligence "would require the district court to determine first whether the VA acted properly in handling" benefits claims or related requests, judicial review is foreclosed by the VJRA. *Milbauer v. United States*, 587 F. App'x 587, 591 (11th Cir. 2014) (citing *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000)).

Although styled as an FTCA claim, Lockwood's "Count I" claims depend on factual and legal questions inseparable from his benefits determination. His negligence claim depends on his allegation that he was improperly denied a 100% disability rating and that black veterans are disproportionately denied higher ratings. Doc. 20-1 at 3-4. To award the relief Lockwood seeks, the Court would necessarily have to decide whether he was entitled to additional benefits and whether the VA

erred, negligently or otherwise, in denying them. Those questions are committed exclusively to the Secretary under the VJRA. *See Smith*, 7 F.4th at 985.

Lockwood cannot bypass Congress's intentional removal of district courts from VJRA's benefits review process "solely based on an allegation of discrimination." *Jelks v. McDonald*, No. 2:16-cv-01639-JHE, 2017 WL 4050314, at *5 (N.D. Ala. Sept. 13, 2017); *see also, e.g.*, *Cheves v. Dep't of Veterans Affs.*, 227 F. Supp. 2d 1237, 1246 (M.D. Fla. 2002) (finding no jurisdiction where plaintiffs alleged VA discrimination because the court "simply lack[ed] jurisdiction to review the VA's handling and processing of the plaintiffs' benefits claims."); *Bell v. Hill*, 1:08-cv-488-WKW, 2008 WL 4877862, at *2 (M.D. Ala. Nov. 12, 2008) (holding that plaintiff seeking review of a benefits claim denial "cannot avoid the jurisdictional bar of § 511 by couching his claims in terms of racial discrimination"); *Braggs v. Dep't of Veterans Affs.*, No. CIV-A. 09-0756- KD-M, 2010 WL 551325, at *1, 4 (S.D. Ala. Feb. 10, 2010) (holding that VJRA precluded district court from hearing claim that the VA failed to award back pay due to "[r]acial profiling, racial deception, racial trickery" and retaliation); *Duffy v. Jeffrey Bates*, No. 1:15-cv-37-MW/GRJ, 2015 WL 1346196, at *1, *3 (N.D. Fla. Mar. 24, 2015); *Williams v. Tuscaloosa Veterans Affs. Med. Ctr.*, No. 7:16-cv-00263-RDP, 2016 WL 3087046, at *5 (N.D. Ala. June 2, 2016) (holding that "this court has no jurisdiction over any

constitutional claims that Plaintiff alleges which relate to benefits decisions, including his claims of disparate treatment and retaliation.”).

Likewise, Lockwood cannot avoid VJRA preclusion by alleging systemic or generalized discrimination. Lockwood urges the Court to follow the lead of the district court in *Monk v. United States*, No. 3:22-CV-1503 (SRU), 2024 WL 1344712 (D. Conn. Mar. 29, 2024). *See* Doc. 42 at 2-3. In that case, “Monk challenge[d] the alleged ‘failure of VA officials and employees to maintain a racially neutral and nondiscriminatory system of administering benefits’ and failure ‘to supervise or instruct VA staff on how to distribute benefits in a racially neutral way.’” *Monk*, 2024 WL 1344712, at *5. The district court held that it could adjudicate that claim without any “need to determine first whether the VA acted properly in handling Monk’s requests for benefits.” *Id.* (internal quotation marks and alterations omitted). But that is a puzzling conclusion, for it is difficult to see how a court could assess purported “failure[s]” in “administering benefits” (*id.*) without second-guessing the Secretary’s decisions about “the provision of benefits.” 38 U.S.C. § 511(a).

As the United States notes in its motion to dismiss, systemic claims like those brought by Monk and Lockwood are like the claims the en banc Ninth Circuit held were barred by the VJRA in *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012) (en banc). In *Shinseki*, the plaintiff group (VCS) alleged broad-based failures in the VA’s administration of mental health benefits, *id.* at 1016-18, and

sought to avoid VJRA preclusion by asserting that the VA's failures were "divorced from the facts of any individual claim," *id.* at 1027. The Ninth Circuit didn't buy it: "The fact that VCS couches its complaint in terms of average delays cannot disguise the fact that it is, fundamentally, a challenge to thousands of individual mental health benefits decisions made by the VA." *Id. see also Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 661-62 (D.C. Cir. 2010) (rejecting similar attempt). Thus, "the district court would have no basis for evaluating" whether "the average processing time for mental health claims is too long … without inquiring into the circumstances of at least a representative sample of the veterans whom VCS represents," meaning that "the district court would have to decide whether the processing time was reasonable or not as to each individual case." *Shinseki*, 678 F.3d at 1027. The same is true here. If Lockwood's "Count I" claims do not turn on individual benefits determinations for him, like whether "Plaintiff should have received 100% disability instead of 90%" disability, Doc. 20-1 at 3, then they turn on whether numerous benefits determinations for other veterans were wrong. Either way, "[t]he VJRA … serves to prevent" just this sort of "judicial second-guessing of decisions made by the Secretary in the course of making a benefits determination." *Smith*, 7 F.4th at 985.

In sum, there is no way to disentangle Lockwood's claims from the legal and factual questions affecting the provision of his benefits. The VJRA expressly

prohibits such review by district courts. Thus, this Court lacks subject-matter jurisdiction to hear Lockwood's "Count I" claims, and they must be dismissed.

**B. Sovereign Immunity**

The FTCA is a limited waiver of sovereign immunity by the United States for claims for property damage or personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Ramos v. U.S. Dep't of Health & Hum. Servs.*, 429 F. App'x 947, 950 (11th Cir. 2011)

Under the FTCA, the United States is liable only "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. That waiver of sovereign immunity is narrow, and subject to numerous exceptions which "must be strictly construed in favor of the United States." *Zelaya*, 781 F.3d at 1322; 28 U.S.C. § 2680.

State law supplies the FTCA's substantive causes of action. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994); *Munoz v. United States*, 737 F. App'x 442, 445 (11th Cir. 2018). A plaintiff must therefore show that "a private person would be liable under the law of the state where the federal employee's act or omission occurred, had a private person so acted." *Zelaya*, 781 F.3d at 1322. When the

challenged conduct involves a "uniquely governmental function[]," courts must attempt to identify an analogous duty from state tort law. *Id.* at 1324.

The VA's administration of veterans' benefits is a "uniquely governmental function[]," involving "unique duties that suggest no obvious analogue among private actors." *Id.* The Eleventh Circuit therefore generally looks to the applicable state's Good Samaritan doctrine as the closest analogue. *Id.* at 1324-25; *Pate v. Oakwood Mobile Homes, Inc.*, 374 F.3d 1081, 1084 (11th Cir. 2004). Under Alabama law, and while applying that doctrine, Lockwood's "Count I" claims fail.[1]

Alabama follows the Restatement (Second) of Torts in Good Samaritan cases. A person who undertakes to render services to another "which he should recognize as necessary for the protection of a third person or his things," is liable for "physical harm" resulting from a negligent undertaking if: (1) the failure to exercise reasonable care increases the risk of harm; (2) the person assumes a duty owed by another to the third person; or (3) the harm results from reliance on the undertaking. Restatement (Second) of Torts § 324(A); *Paulk v. Tenn. Valley Auth.*, No. 5:22-cv-105- CLM, 2023 WL 4852320, at *8 (N.D. Ala. July 28, 2023); *Yanmar Am. Corp. v. Nichols*, 166 So.3d 70, 84 (Ala. 2014).

---

[1] The FTCA applies the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Here, Lockwood lives, interacted with VA personnel, and suffered his alleged injuries in Alabama. *See* Doc. 20-1 at 2-6.

Lockwood does not identify any physical harm, or risk of physical harm, resulting from the allegedly negligent administration of his benefits. Nor does he allege that such administration constituted an undertaking recognizable "as necessary for the protection of [his] person or things." *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 511 (D.C. Cir. 2009). The harm he does allege is emotional and dignitary in nature. Doc. 20-1 at 3-4. But Alabama does not recognize an independent tort for negligent infliction of emotional distress. *See Gideon v. Norfolk S. Corp.*, 633 So.2d 453, 453-54 (Ala. 1994); *AALAR, Ltd., Inc. v. Francis*, 716 So.2d 1141, 1148 (Ala. 1998) (Alabama "has not recognized emotional distress as a compensable injury or harm in negligence" except for "emotional distress resulting from actual physical injury, or … fear for one's own physical safety").

Because no private analogue exists for Lockwood's "Count I" claims, he fails to state a claim under the FTCA and therefore this Court's subject-matter jurisdiction is precluded by sovereign immunity.

Further, Lockwood cannot assert an FTCA claim based on generalized theories of institutional or systemic harm. The FTCA's limited waiver of sovereign immunity makes the United States vicariously liable only for the negligence of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). It does not permit claims premised on agency-wide misconduct or

negligence attributed to the government as a whole. *See, e.g.*, *Berkman v. United States*, 957 F.2d 108, 113 (4th Cir. 1992) ("[T]he FTCA is to be narrowly construed … we find nothing in the language of the act or in the legislative history of the FTCA to indicate that Congress considered the existence of a generalized liability, attributable to the United States."); *Meier v. United States*, No. C 05-04404, 2006 WL 3798160, at *3-4 (N.D. Cal. Dec, 22, 2006) (dismissing claim based on corporate negligence theory), aff'd, 310 F. App'x 976 (9th Cir. 2009); *Lee v. United States*, No. CV 19-08051, 2020 WL 6573258, at *6 (D. Ariz. Sept. 18, 2020) (dismissing claims of "generalized theories of negligence asserted against the staff and employees of federal institutions as a whole"); *F.R. v. United States*, No. CV-21-00339, 2022 WL 2905040, at *3 (D. Ariz. July 22, 2022) ("[A] cognizable FTCA claim must be predicated on the tortious misconduct of individual government employees, rather than on alleged wrongdoing by the United States or its agencies writ large."); *B.A.D.J. v. United States*, No. CV-21-00215, 2022 WL 11631016, at *5 (D. Ariz. Sept. 30, 2022) ("To the extent Plaintiffs allege harms resulting from policymaking or agency-wide misconduct, the Court lacks subject matter jurisdiction."); *J.P. v. United States*, 679 F. Supp. 3d 911, 921-22 (D. Ariz. 2023) (where plaintiffs alleged emotional harm as a result of "actions of the 'U.S. Government,' 'U.S. Government officials,' and unidentified 'high-ranking federal officials,'" the claims "are barred as institutional torts").

Lockwood's generalized allegations of "discriminatory mistreatment" by "VA leadership, Secretaries[], Administrators[] and employees'" and "overt and covert … systemic bias" in benefits administration and with "the veterans' healthcare system" are therefore insufficient to state a claim under the FTCA. Doc. 20-1 at 4.

Finally, to the extent that Lockwood asserts claims against the United States for harms done to his reputation, *see* Doc. 20-1 at 4 (alleging dignitary harm, moral injury, stigma, and humiliation), such claims are precluded under 28 U.S.C. § 2680(h). That provision preserves the United States' sovereign immunity from certain intentional torts, including libel and slander, encompassing situations "where 'the underlying governmental conduct which constitutes an excepted cause of action is essential to a plaintiff's claim.'" *Cadman v. United States*, 541 F. App'x 911, 913 (11th Cir. 2013) (quoting *Metz v. United States*, 788 F.2d 1528, 1534 (11th Cir. 1986)). Lockwood's alleged reputational injuries flowing from his VA benefits rating are akin to libel and slander, and as such are precluded. *See, e.g.*, *Ball v. United States*, No. 2:14-CV-938-WKW, 2015 WL 2135778, at *5 (M.D. Ala. May 7, 2015) (dismissing claims for defamation, slander, and damage to reputation under § 2680(h)); *Andreou v. United States*, No. CV416-314, 2017 WL 384699, at *2-3 (S.D. Ga. Jan. 6, 2017) (dismissing claims for humiliation and defamation of character under § 2680(h)).

## II. Count II: Medical Misconduct

Under "Count II," Lockwood describes an appointment he attended at the Birmingham VA Medical Center where he received several spinal injections, two of which he alleges were allegedly performed without his consent or prior knowledge. Doc. 20-1 at 4. He also alleges that VA staff pushed in a disc bulge while administering the injections, causing him pain, temporary sexual dysfunction, and worsening his medical condition. *Id.* at 4-5. And he includes allegations of hostile behavior on the part of the supervising physician toward an assistant, that he received contradictory post-procedure medical advice, that the medical center failed to follow up within him within a promised timeframe and that the VA engaged in a coordinated effort to avoid acquiring his informed consent regarding these procedures. *Id.* at 5-6. He then proceeds to assert claims for medical malpractice, battery, intentional infliction of emotional distress, conspiracy, and negligent supervision. *Id.* These claims warrant dismissal as shotgun pleadings.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires parties to state their claims "in numbered paragraphs," each limited "as far as practicable to a single set of circumstances," and to place each claim based on a separate transaction or occurrence in a separate count, if doing so would promote clarity. "The purpose of these rules is … to require the pleader to present his claims

discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

A pleading violates those rules, and thereby becomes a "shotgun pleading," when poor organization obscures the factual basis for each claim or defense. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). The Eleventh Circuit has identified four types of shotgun pleadings. The first is a complaint containing multiple counts, with each count adopting every preceding allegation, thereby forcing each successive count to carry all that came before and leaving the final count a jumble of the entire pleading. *Weiland*, 792 F.3d at 1321. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321-22. The third is a complaint that fails to separate into different counts each claim or cause of action. *Id.* at 1322-23. The fourth is a complaint that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission, or

which defendant is tied to which claim. *Id.* at 1323. Lockwood's complaint falls within the first three of those categories.

Under "Count II," Lockwood includes claims for medical malpractice, battery, intentional infliction of emotional distress, conspiracy, and negligent supervision. Doc. 20-1 at 4-6. But he fails to identify clearly which factual allegations support which claims. The relevant facts appear scattered throughout his complaint, with no clear connection drawn between specific facts and specific claims. Where the facts are distinctly categorized, they are grouped under the catch-all "Factual Background" section and appear to be applied to each subsequent legal claim. *Id.* And while Lockwood divides his complaint between two "counts," he fails to separate the various causes of action he relies on in the way the federal rules intend. *See id.* at 6 (grouping medical malpractice, battery, intentional infliction of emotional distress, conspiracy, and negligent supervision into a single "count").

Each of these "shotgun" deficiencies alone is enough to merit dismissal. *See, e.g.*, *Ho v. Att'y Gen.*, No. 22-11430, 2023 WL 2473272, at *2 (11th Cir. Mar. 13, 2023); *Gee v. Mitchell*, No. 23-12627, 2024 WL 4118463, at *2 (11th Cir. Sept. 9, 2024); *Abdulla v. S. Bank*, No. 22-12037, 2023 WL 2988135, at *2 (11th Cir. Apr. 18, 2023). Taken together, the effect is such that the Court cannot reasonably be expected to ignore it. *Gee*, 2024 WL 4118463, at *2 ("It is not the district court's job to parse out incomprehensible allegations in shotgun pleadings.").

## CONCLUSION

Because Lockwood's claims under "Count I" are precluded by the VJRA and sovereign immunity, they are **DISMISSED WITH PREJUDICE**. And because Lockwood's "Count II" claims constitute an impermissible shotgun pleading, they are **DISMISSED WITHOUT PREJUDICE**. Accordingly, Lockwood's pending motions (Docs. 52, 54, 55) are **DENIED AS MOOT**. If Lockwood wishes to replead his "Count II" claims in conformity with the Federal Rules of Civil Procedure, he must do so **on or before February 6, 2026.**

**DONE** and **ORDERED** this 9th day of January, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE